FILED

SEP 18 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

COLLANDER B CRUZ, *Plaintiff*
CAROLINA B. CRUZ, *Plaintiff*
LEONARDO B. CRUZ, *Plaintiff*
1462 Santa Sierra Drive
Chula Vista, California [91913]
(619) 395 2178

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLANDER B. CRUZ, CAROLINA B. CRUZ, LEONARDO B. CRUZ <br><br> *Plaintiffs,* <br> vs. <br><br> NATIONWIDE RECONVEYANCE, LLC LLC. <br><br> *Defendant(s)* | ) CASE NO: 15 CV 2082 GPC NLS <br> ) <br> ) VERIFIED COMPLAINT FOR <br> ) DAMAGES <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) |

**COMES NOW**, the Plaintiffs COLLANDER B. CRUZ, CAROLINA B. CRUZ, LEONARDO B. CRUZ JR., complaining of the defendant(s) and each of them as follows;

## INTRODUCTION

1.  This action is an action brought by the Plaintiffs for violation of the Fair Debt Collection Practices Act, 15 USC §1692.

## I.          THE PARTIES

2.  Plaintiffs "COLLANDER B. CRUZ, CAROLINA B. CRUZ, LEONARDO B. CRUZ JR " are now and at all times relevant to this action

**COMPLAINT FOR DAMAGES**
1

are"state" Citizen of the State of California. Plaintiffs are "consumers" as that term is defined within 15 USC§1692a (3).

3.  Defendant "NATIONWIDE RECONVEYANCE, LLC" ("Debt Collector") is a limited liability corporation formed under the laws of the state of California. It has a principle place of business located at 2005 COAST BLVD DEL MAR, CALIFORNIA 92014. Defendant NATIONWIDE RECONVEYANCE, LLC are "debt collectors" as that term is defined by15 USC§1692a(6).

## II.                    JURISDICTION AND VENUE

4.  The US District Court Southern District of California has jurisdiction pursuant to 15 USC§1692 *et,* al , and the court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of California. Therefore venue is proper within this court.

## III.                     FACTUAL ALLEGATIONS

5.  Plaintiffs brings this action regarding the defendants and each of them, in their continued attempts to collect an alleged debt defendants claim is owed them. However, Plaintiffs are without knowledge of the alleged debt defendants claim is owed.

6.  On or about June 29, 2015 Plaintiff received a dunning notice by defendant "NATIONWIDE RECONVEYANCE, LLC". (*see* attached "Exhibit A).The dunning notice makes numerous claims by defendant(s) regarding an alleged  ASSISGNMENT OF LIEN, and or Deed of Trust.  Consequently, Plaintiff is without specific knowledge and evidence that supports the defendant's claims and allegations.

**COMPLAINT FOR DAMAGES**

7.  On or about September 1, 2015 in response to defendants dunning letters, Plaintiff served upon them a Notice for Validation of Debt pursuant to 15 USC§1692, FDCPA. (*see* attached "Exhibit B") The notice required the defendant " debt collector" to validate/verify their alleged debt pursuant to 15 USC§1692g. Plaintiffs allege the FDCPA states in part;

The term "**debt collector**" means any person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding, the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, or used any name other than his own which would indicate that a third person is collection or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who used any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests.

8.  Plaintiffs therefore seeks damages as a result of defendant's acts.

**IV.**            **FIRST CAUSE OF ACTION**
**INVASION OF PRIVACY**
**NATIONWIDE RECONVEYANCE, LLC**

9.  Paragraphs 1-8 are re-alleged as though fully set out herein.

10.  Defendant Nationwide Reconveyance, LLC. is a "debt collector" and a stranger to the Plaintiffs. Plaintiffs have no contractual relationship with defendant Nationwide Reconveyance, LLC., and Plaintiffs  have never applied for credit or services with the defendant.

11.  Plaintiffs have a right to discovery, to determine where Defendant obtained her personal, private information from. Specifically Plaintiff will investigate

**COMPLAINT FOR DAMAGES**
3

through discovery where defendant obtained Plaintiffs social security number from, and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used.

12.  Plaintiffs have a right to discover, to determine where Defendant obtained their personal, private information from. Plaintiffs will investigate through discovery where defendant obtained Plaintiffs social security number from and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used. Defendant Nationwide Reconveyance, LLC may also be guilty of identity theft under the state and federal law.

13.  Therefore defendant "Nationwide Reconveyance, LLC" is liable to Plaintiff for actual punitive, consequential, compensatory damages in actual amount determine at trial by the court.

14.  Therefore Plaintiff is entitled to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

**V.           SECOND CAUSE OF ACTION**
**VIOLATION OF U.S.C. §1692, FAIR DEBT COLLECTIONS**
**PRACTICES ACT**
**NATIONWIDE RECONVEYANCE, LLC.**

15.  Paragraphs 1-14 are re-alleged as though fully set out herein.

16.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

17.  Plaintiffs are "consumers" as defined in 15 U.S.C. §1692a(3).Defendant Nationwide Reconveyance, LLC are debt collector as defined in 15 U.S.C. §1692a(6). Defendant were attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. §1692a(5).

**COMPLAINT FOR DAMAGES**
4

18.   Plaintiffs served defendant with a Notice of Dispute in compliance with 15 U.S.C. §1692g. 15 U.S.C. §1692g requires defendant to provide Plaintiffs with verification of the alleged debt once received. 15 U.S.C. §1692g(5)(b) requires defendant to cease all collection activity until the debt collector obtains *verification* of the alleged debt. Defendant has failed to provide one scintilla of proof of their alleged debt. However defendant continues to make attempts at collection of the alleged debt through erroneous credit reporting.

19.   Defendant has violated the FDCPA, and caused damages to Plaintiffs by their failure to comply with the Act. Possible defendant's violations include, but are not limited to the following:

    a.   Defendant have violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

    b.   Defendant have violated 15 U.S.C. §1692(j) "by using unfair or unconscionably means in connection with the collection of an alleged debt;

    c.   Using unfair or unconscionable means to collect or attempt to collect a debt, violation of 15 U.S.C. §1692f;

    d.   Defendant violated 15 U.S.C.§1692 (e ) (8) requires debt collectors to communicate the disputed status of a debt if the debt collector" knows or should  know that the debt is disputed , standard requires no notification by consumer, written or oral, and instead, depends solely on the debt collectors knowledge that the debt is disputed, regardless of how or when that knowledge is " required"

**COMPLAINT FOR DAMAGES**

e.  Defendant has violated 15 U.S.C. §1692e(6), "Sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

f.  Defendant has violated 15 U.S.C. §1692e(8) "Threatens or communicates false credit information, including the failure to communicate that a debt is disputed.

g.  Defendant has violated 15 U.S.C. §1692(j) of the Fair Debt Collection Practices Act by using unfair or unconscionably means in connection with the collection of an alleged debt.

h.   Defendant has violated 15 U.S.C. §1692f, "Using unfair or unconscionable means to collect or attempt to collect a debt".

i.  Defendant has violated 15 U.S.C. §1692f(1) "Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

20.  Specifically defendant "Nationwide Reconveyance, LLC" knew it was not entitled to collect on the non-existent debt.

21.  Defendant was fully aware that they were/are unable to provide a performance contract executed by Plaintiffs, whereby Plaintiffs are obligated to defendant.

22.  The defendant is liable to Plaintiff for damages to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, loss of sleep, anxiety, loss of affection with their loved ones, and other related damages due to defendant's acts.

23.  Defendant alleges by operation defendant of, execution and filing of the " assignment" Plaintiffs became obligated to defendant, and defendant(s) by in large

**COMPLAINT FOR DAMAGES**
6

became plaintiff 's creditor.in nature of "consideration" and or " valuable consideration".

24. Plaintiff are otherwise unable to ascertain the validity of defendant's alleged debt and the amounts they claim is due and owing. Plaintiff denies any loan was received by the alleged original creditor and is entitled to discovery and trial to determine is ever such a loan was funded to the Plaintiff. Furthermore, Plaintiff is unable to determine the validity of defendant's purported assignment of the alleged debt for the following reasons:

    1.   Firstly Plaintiff is not familiar and or otherwise is not provided with the definition of  the term "valuable consideration."

    2.   Secondly, it is Plaintiff 's understanding that the term " valuable consideration" can be non – monetary in natures;

    3.   Thirdly, the assignment was executed on the date defendant alleged the debt was in default, which deems them a " debt collector" and not creditor, per U.S.C. Title 15, Section §1692a(4) "The term "Creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term **does not include any person to the extent that he receives an assignment or transfer of a debt in default** solely for the purpose of facilitating collection of such debt for another".

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's request the following relief to be awarded for each Cause of Action:

1. That this Court declare (declaratory relief) that defendant did not acquire any interest in the alleged debt and or real property.

**COMPLAINT FOR DAMAGES**

2.   For Declaratory Relief, including the following Decrees of this Court that:

a, The <u>Assignment of Lien/Mortgage</u> is void and no probative value;

b. Plaintiffs requests a determination of the court to determine if defendant in fact is "debt collector" and or "creditor" as defined in defendant communications, or the act itself.

c. That Defendant is prohibited from sending any additional notices making demands of Plaintiffs regarding such alleged debt;

d. Actual, and statutory damages in an amount determined at trial, and within the jurisdictional amount of this court;

e. Awarding Plaintiffs any pre- judgment and post – judgment interest as may be allowed under the law.

g.  and any other such damages deemed appropriate by the court.

25. Specifically defendant Nationwide Reconveyance, LLC knew it was not entitled to collect on the non- existent debt.

26. Defendant was fully aware that they were unable to provide a performance contract executed by Plaintiffs, whereby Plaintiffs are obligated to defendant.

27. Therefore defendants are liable to Plaintiffs for damages to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, loss of sleep, anxiety, and other related damages due to defendant's acts

28. Defendant(s) are therefore liable unto Plaintiffs pursuant to 15 U.S.C. §1629(k) in the amount of $1,000 plus punitive, consequential, treble damages, and actual damages.

1

**Jury trial is demanded.**

2

3 Dated: September 18, 2015

4

5    By:

6    Collander B. Cruz , *Consumer Plaintiff*

7    By:

8    Carolina B. Cruz, *Consumer Plaintiff*

9    By:

10   Leonardo B. Cruz, Jr. *Consumer Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT "A"

## Dunning Notice from Defendant

**COMPLAINT FOR DAMAGES**

DOC# 2015-0347273

Jul 02, 2015  10:35 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $21.00

PAGES: 2

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO
Nationwide Reconveyance, LLC
5677 Oberlin Drive, Suite 111
San Diego, California 92121
844-252-6972
Attn: Foreclosure Department

Space above this line for recorder's use

Title Order No.: 735534      Trustee Sale No.: NR-50197-CA Reference No.: Otay Ranch Three

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER PROPERTY
## ASSOCIATION LIEN

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION**, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expensed within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice). The amount is $17,749.05 as of 6/29/2015 and will increase until your account becomes current. While your property is in foreclosure, you must still pay other obligations (such as insurance and taxes) required by your Covenants, Conditions and Restrictions. If you fail to make future payments of your assessments, pay taxes on property, provide insurance on the property, or pay other obligations as required in the Covenants, Conditions and Restrictions, the Association may insist that you do so in order to reinstate your account in good standing. In addition, the association may require, as a condition to reinstatement, that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums. Upon your written request, the Association will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your Association may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2). Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:
Epsten Grinnell & Howell APC
C/O Nationwide Reconveyance, LLC
5677 Oberlin Drive, Suite 111, San Diego, California 92121
844-252-6972
**THIS NOTICE** is given pursuant to Sections 2924 et seq., 5650 et seq. and 5700 et seq., of the California Civil Code, and pursuant to that certain Assessment Lien, recorded on 4/11/2008 as document no. 2008-0192435 book XX page XX of official Records in the office of the Recorder of San Diego County, California. Owner: Collander B. Cruz and Carolina B. Cruz and Leonardo B. Cruz

PROPERTY ADDRESS:      1462 Santa Sierra Dr.
                       Chula Vista, Ca 91913-2861

If you have any questions, you should contact a lawyer or the government agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure,

**THIS NOTICE** is given pursuant to Sections 2924 et seq., 5650 et seq. and 5700 et seq., of the California Civil Code, and pursuant to that certain Assessment Lien, recorded on 4/11/2008 as document no. 2008-0192435 book XX page XX of official Records in the office of the Recorder of San Diego County, California. Owner: Collander B. Cruz and Carolina B. Cruz and Leonardo B. Cruz

PROPERTY ADDRESS:     1462 Santa Sierra Dr.
                                     Chula Vista, Ca 91913-2861

If you have any questions, you should contact a lawyer or the government agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION**

NOTICE IS HEREBY GIVEN THAT: Nationwide Reconveyance, LLC is the duly appointed Trustee Agent under the above referenced Lien, dated 4/9/2008, executed by Otay Ranch Three Community Association (Association) to secure assessment obligations in favor of said Association, pursuant to the terms contained in that certain Declaration of Covenants, Conditions and Restrictions, Recorded on 4/13/2001 as document 2001-0230013 book no. XX page XX of Official Records in the Office of the Recorder of San Diego County, California, describing the land therein, that the beneficial Interest under said Homeowners Association Lien and the obligations secured thereby are presently held by Restrictions as security has occurred in that the payment(s) have not been made of: Homeowner's assessments due from 5/7/2015 and all subsequent homeowner's assessments, monthly or otherwise, less credits and offsets, plus late charges, interest, association's fees and costs, trustee's fees and costs, and attorney's fees and costs.

That by reason thereof, the present Association under such Covenants, Conditions and Restrictions, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Covenants, Conditions and Restrictions and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured hereby immediately due and payable and has elected and does hereby elect to cause the herein described property, lined by said Association, to be sold to satisfy the obligations secured thereby.

DATE: 6.29.15

Nationwide Reconveyance, LLC as Trustee

Jason C. Tatman, Foreclosure Trustee

2

## EXHIBIT "B"

### Plaintiff  Notice of Dispute

Carolina B. Cruz, Consumer Plaintiff
Collander B. Cruz, Consumer Plaintiff
Leonardo B. Cruz, Jr., Consumer Plaintiff
Property Address: 1462 Santa Sierra Drive
Chula Vista California (91913)

Date: September 1, 2015

TS # NR-50197-CA

**Nationwide Reconveyance, LLC**
5677 Oberlin Drive, Suite 111,
San Diego, California 92121

Re: Notice of Dispute and Intent to Litigate

CERTIFIED MAIL # 7012 2210 0002 3512 3744

Dear Nationwide Reconveyance, LLC:

I received a dunning letter notice, demand for payment, and or threat of alleged foreclosure from your company dated June 29, 2015. This notice will be considered a "communication" with both state and the federal consumer protection laws respectively.

Based upon the information contained in your dunning notice, and my lack of knowledge of an established business relationship, and or written contract with your company, your alleged debt is hereby disputed in its entirely, including amount alleged to be due and owing.

Be advised the above name people are " consumers" as the term is defined in 15 USC§1692a(3), FDCPA, and California Rosenthal Act (herein after " CRA") 1788.2(g)(h), Upon information and belief your company is attempting to collect  a " debt" pursuant to  15 USC§1692a (5), and California Rosenthal Act 1788.2(f).Based upon documentary evidence available to me, your company appears to have obtained the alleged debt while in default, therefore your are not a "creditor" as defined in 15 USC§1692a(4).

Notwithstanding your company is considered a " debt collector" as defined by USC§1692a(6), In light of this fact, you are required to comply with all state and federal consumer protection laws accordingly.

1
CONSUMER NOTICE OF DISPUTE AND INTENT TO FILE SUIT

I have obtained copies documents from the San Diego County Recorder's office, styled an Assignment of Lien/Assignment of Mortgage" (or Deed of Trust). These documents appear to indicate that a transaction occurred with your company, and the alleged "original creditor" you purport to be acting in and for. Upon belief this document contains several misrepresentations that will require explanation. As you know, in order for you to foreclose or sue, there has to be damages to you. Additionally, please provide a clear definition of the word termed "valuable consideration" and stated in the assignment of mortgage.

In concluding, should your company continue collections of the alleged debt in any matter, prior to complying with the consumer protections statutes of this state and federal laws, suit may be filed against you without further notice. Also, per 15 U.S.C. §1692 g (b) Collector must cease collection efforts until debt is validated.

Warmest Regards

Carolina B. Cruz, Consumer Plaintiff

Collander B. Cruz, Consumer Plaintiff

Leonardo B. Cruz, Jr., Consumer Plaintiff

CONSUMER NOTICE OF DISPUTE AND INTENT TO FILE SUIT



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

SAN DIEGO, CA 92121

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $3.45 | |
| Certified Fee | $0.00 | 0950 |
| | $0.00 | 14 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| | $0.49 | |
| Total Postage & Fees | $ $3.94 | 09/01/2015 |

Sent To *Nationwide Reconveyance LLC*
Street, Apt. No.; or PO Box No. *5677 Oberlin Drive #111*
City, State, ZIP+4 *San Diego CA 92121*

PS Form 3800, August 2006                    See Reverse for Instructions

7012 2210 0000 3512 3744

```
===============================================
                NATIONAL CITY
                710 E 16TH ST
                NATIONAL CITY
                     CA
                  919509998
                  0552980950
09/01/2015      (800)275-8777    4:14 PM
===============================================

Product                 Sale          Final
Description              Qty           Price

First-Class             1            $0.49
Mail
Letter
     (Domestic)
     (SAN DIEGO, CA  92121)
     (Weight:0 Lb 0.50 Oz)
     (Expected Delivery Day)
     (Thursday 09/03/2015)
.Certified              1            $3.45
     (@@USPS Certified Mail #)
     (70122210000235123744)

Total                               $3.94

Cash                                $5.00
Change                             ($1.06)

For tracking or inquiries go to
USPS.com or call 1-800-222-1811.


*****************************************
BRIGHTEN SOMEONE'S MAILBOX. Greeting
cards available for purchase at select
Post Offices.
*****************************************

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to
usps.com/clicknship to print shipping
labels with postage. For other
information call 1-800-ASK-USPS.


*****************************************
Get your mail when and where you want
it with a secure Post Office Box. Sign
up for a box online at
usps.com/poboxes.
*****************************************

    https://postalexperience.com/Pos

         or scan this code with
           your mobile device:
```



```
         or call 1-800-410-7420.

          YOUR OPINION COUNTS



Bill #:  840-59200017-3-51384-2
Clerk:   14
```

# CERTIFICATE OF SERVICE

I certify that a copy of Summons and Complaint will be serve upon Defendant listed below in compliance with FRCP Rule 4;

NATIONWIDE RECONVEYANCE, LLC
c/o R/A JASON C TATMAN
2005 COAST BLVD
DEL MAR, CALIFORNIA 92014

Dated _____SEPT. 18, 2015_____

ARNEL GACAD
1635 ALONDRA CT #C
CHULA VISTA, CA 91913

**COMPLAINT FOR DAMAGES**
12