1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11   COLLANDER B. CRUZ, CAROLINA B.
     CRUZ, and LEONARDO B. CRUZ,
12
                              Plaintiffs,
13
     v.
14
     NATIONWIDE RECONVEYANCE,
15   LLC,
16
                              Defendant.
17

Case No.:  15-cv-2082-GPC-NLS

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

[ECF No. 5]

18       Presently before the Court is Nationwide Reconveyance LLC's ("Defendant's")

19   motion to dismiss the complaint.  (Mot. Dismiss, ECF No. 8.)  Plaintiffs Collander B.

20   Cruz, Carolina B. Cruz and Leonardo B. Cruz (collectively "Plaintiffs"), proceeding pro se, filed

21   an opposition on November 4, 2015 (ECF No. 8) and Defendant filed a reply on November

22   12, 2015 (ECF No. 9).  The Court finds the motion suitable for disposition without oral

23   argument.  Civ. L. R. 7.1(d)(1).  Having considered the parties' submissions and applicable

24   law, the Court **GRANTS** Defendant's motion.

25                              **BACKGROUND**

26       On June 29, 2015, Plaintiffs received a "Notice of Default and Election to Sell Under

27   Property Association Lien" relating to property located at 1462 Santa Sierra Drive, Chula

28   Vista, CA 91913.  (Compl. ¶ 4; *id.*, Ex. A ("NOD"), ECF No. 1.)  The NOD states that

Defendant is the duly appointed Trustee Agent under the referenced Property Association Lien dated April 9, 2008 executed by Otay Ranch Three Community Association ("Association") to secure assessment obligations in favor of the Association.  (*Id.*)  The NOD is signed by "Jason C. Tatman, Foreclosure Trustee."  (*Id.*)  On September 1, 2015, Plaintiffs sent a dispute/debt validation letter to Defendant.  (Compl. ¶ 7; *id.*, Ex. B ("Validation Letter").)  Defendant states that it responded to Plaintiffs' letter on or about September 30, 2015.  (Mot. Dismiss at 11, ECF No 5.)

Plaintiffs filed this action on September 18, 2015, alleging causes of action against Defendant for invasion of privacy and violation of the Fair Debt Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").  (Compl., ECF No. 1.)  Plaintiffs allege that they do not have a contractual relationship with Defendant and have a right to discovery to determine where Defendant obtained their personal information from.  (*Id.* ¶¶ 11-12.)  Plaintiffs contend that Defendant has violated §1692g of the FDCPA by "fail[ing] to provide one scintilla of proof of their alleged debt" but nonetheless continuing to make attempts at collection through erroneous credit reporting.  (*Id.* ¶ 18.)  Plaintiffs also enumerate the elements of other FDCPA provisions that Defendant may have possibly violated: 15 U.S.C. § 1692d, j, f, e(8) and e(6).  (*Id.* ¶ 19.)

On October 20, 2015, Defendant filed the instant motion to dismiss.  (Mot. Dismiss, ECF No. 5.)  Plaintiffs filed an opposition on November 4, 2015 (Opp'n, ECF No. 8) and Defendant filed a reply on November 12, 2015 (ECF No. 9).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under

that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee*, 250 F.3d at 688-89.

## DISCUSSION

## I.     Request for Judicial Notice

The Court first addresses Defendant's request for judicial notice for documents filed in connection with its motion to dismiss. (ECF No. 6.) Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion,

the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001) *overruled* on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Records filed with a county recorder are also judicially noticeable as undisputed public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004).

Defendant requests judicial notice of (1) Notice of Delinquent Assessment dated April 9, 2008 (Req. Judicial Notice, Ex. A ("Lien"), ECF No. 6); (2) Substitution of Trustee dated June 11, 2015 (*Id.*, Ex. B. ("SOT"); and (3) NOD dated June 29, 2015 (*Id.*, Ex. C (NOD))[1]. Plaintiffs do not oppose Defendant's request. The Court **GRANTS** Defendant's request for judicial notice as to Exhibits A-C, as these are documents filed with the San Diego County Recorder's Office and are the type of documents of which courts routinely take judicial notice. *See*, *e.g.*, *Disabled Rights*, 375 F.3d at 866 n.1; *Liebelt v. Quality Loan Serv. Corp.*, No. 09-CV-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011) (taking judicial notice of trustee's deed upon sale); *Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1196 (E.D. Cal. 2010) (taking notice of publicly-recorded documents related to foreclosure).

//

//

---

[1] Plaintiffs also attach and rely upon the same NOD in their complaint. (Compl., Ex. A (NOD), ECF No. 1.)

II.     **Defendant's Motion to Dismiss**

    A.     **Invasion of Privacy**

Defendant argues that Plaintiffs' first cause of action for invasion of privacy should be dismissed because Defendant is not a "debt collector" within the meaning of the FDCPA (Opp'n at 6, ECF No. 5) and Defendant has not obtained Plaintiffs' personal or private information or in any way invaded Plaintiffs' privacy (*id.* at 7). Plaintiffs do not address Defendant's arguments in their opposition.

California recognizes four categories of the tort of invasion of privacy: (1) intrusion upon seclusion, (2) public disclosure of private facts, (3) false light in the public eye, and (4) appropriation of name or likeness. *Shulman v. Group W Prods., Inc.,* 18 Cal. 4th 200, 214 n. 4 (1998); *Miller v. National Broad. Co.,* 187 Cal. App. 3d 1463, 1482 (1986). An action for invasion of privacy by intrusion upon seclusion has two elements—(1) an intrusion into a private place, conversation, or matter, (2) in a manner highly offensive to a reasonable person. *Smith v. Capital One Fin. Corp.,* 2012 WL 1669347, at *3 (N.D. Cal. May 11, 2012) (citing *Taus v. Loftus,* 40 Cal. 4th 683, 725 (2007); *see also Deteresa v. Am. Broad. Cos., Inc.,* 121 F.3d 460, 465 (9th Cir. 1997) ("One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."). The intrusion must be intentional. *Capital One,* 2012 WL 1669347, at *3. "In addition, the plaintiff must have had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." *Id.* (citing *Shulman,* 18 Cal. 4th at 232).

Plaintiffs allege that Defendant obtained their "personal, private information" and possibly committed identity theft. (Compl. ¶¶ 11-12, ECF No. 1.) Here, Plaintiffs' allegations, taken as true, fail to establish that Defendant engaged in conduct that courts have recognized as actionable invasion of privacy. While courts have on occasion allowed debtors to pursue claims for invasion of privacy against debt collectors—assuming arguendo that Defendant is a debt collector as Plaintiffs contend—such claims have been

based on facts that were truly egregious. *See, e.g.*, *Robinson v. Managed Accounts Receivables Corp.,* 654 F. Supp. 2d 1051 (C.D. Cal. 2009) (allowing an invasion of privacy claim to proceed where the plaintiff alleged that the debt collector had repeatedly called her workplace and spoke to her co-workers, even after being told not to call her at work); *Fausto v. Credigy Servs. Corp.,* 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009) (finding that plaintiffs had raised triable issues as to an invasion of privacy claim based on allegations that the debt collector's employees had made more than 90 calls to the debtors' home; that the content of the calls had been harassing; and that the employees had failed to identify themselves when calling and had allowed the phone to ring repeatedly and called back immediately after the debtors hung up the phone). Allegations of a lender contacting a debtor regarding payment due on a loan extended to the debtor have been found insufficient to state a claim for invasion of privacy above a speculative level. *See Castellanos v. JPMorgan Chase & Co.,* 2009 WL 1833981 at *10 (S.D. Cal. June 23, 2009). Plaintiffs' vague allegations that Defendant obtained Plaintiffs' "personal, private information" without more—such as a pattern of harassing behavior—are insufficient to state a claim for invasion of privacy. As such, the Court **GRANTS** without prejudice Defendant's motion to dismiss Plaintiffs' invasion of privacy cause of action

### B.    Federal Fair Debt Collection Practices Act (FDCPA)

Plaintiff's second cause of action claims violations of the FDCPA. Specifically, Plaintiffs allege that Defendant failed to send Plaintiffs a debt validation notice required by 15 U.S.C. § 1692g. (Compl., ¶ 18, ECF No. 1.) Plaintiffs also allege other "possible defendant's violations" of the FDCPA but do not provide factual bases for those allegations. (*See id.* ¶ 18 ("[D]efendant continues to make attempts at collection of alleged debt through erroneous credit reporting."); ¶ 19 (recitation of elements of other "possible" violations of the FDCPA).) Plaintiffs contend that Defendant "knew it was not entitled to collect on non-existent debt" (*id.* ¶ 20) and "was fully aware that [Defendant was] unable to provide a performance contract executed by Plaintiffs, whereby Plaintiffs are obligated to [D]efendant" (*id.* ¶ 21).

As a threshold matter, Plaintiffs must allege that Defendant is a "debt collector" under Section 1692a(6) to state a FDCPA claim. *Natividad v. Wells Fargo Bank, N.A.*, No. 3:12-CV-03646 JSC, 2013 WL 2299601, at *3 (N.D. Cal. May 24, 2013). The Act's definition of "debt collector" consists of a general definition followed by a number of exceptions. *See* 15 U.S.C. § 1692a(6). A "debt collector," for purposes of the FDCPA, "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The exception that is relevant here excludes from the definition "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity . . . (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement." 15 U.S.C. § 1692a(6)(F)[2]; *see also* S. Rep. No. 95–382, at 3-4 (1977), U.S. Code Cong. & Admin. News 1977, pp. 1695, 1698 ("[T]he committee does not intend the definition [of debt collector] to cover the activities of trust departments, escrow companies, or other bona fide fiduciaries . . . .).

The Court finds that a trustee of a homeowners' association lien is not a "debt collector" within the meaning of the FDCPA. *See Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) ("[M]ortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector.'"); *Khast v. Washington Mut. Bank*, No. 10-CV-2168-IEG JMA, 2011 WL 940792, at *3-4 (S.D. Cal. Mar. 16, 2011) (finding that California Reconveyance

---

[2] In addition, the FDCPA does not apply to creditors. *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Although Plaintiffs make repeated references to an assignment or transfer of lien to Defendant allegedly detailed in the Notice of Default (*see, e.g.*, Compl. ¶ 6, ECF No. 1; Opp'n at 2 (ECF No. 8)), neither the Notice of Default nor other judicially noticed documents indicate that Defendant was an assignee of the lien rather than a substituted trustee (Mot. Dismiss, Ex. B (SOT), ECF No. 5.). Thus, whether or not Defendant received "an assignment or transfer of debt in default" (*id.*) is irrelevant to whether Defendant is a "debt collector" under the FDCPA.

Company, the mortgage trustee, was not a debt collector under the FDCPA). It is undisputed that Defendant is the substituted trustee under the Notice of Delinquent Assessment (Mot. Dismiss, Ex. B. (SOT), ECF No. 5), and thus a fiduciary as a matter of law. Nor is there any indication that Defendant was not a bona fide. As such Defendant is not a "debt collector" subject to the provisions of the FDCPA.

Even if the Court were to find that a trustee of a homeowner's association lien is a "debt collector," Courts also have held that a non-judicial foreclosure proceeding is not the collection of a "debt" for purposes of the FDCPA. *Mansour*, 618 F. Supp. at 1182. Although the Ninth Circuit has yet to address whether foreclosure proceedings constitute "debt collection" within the ambit of the FDCPA, a number of courts in this Circuit have held that non judicial foreclosure proceedings are not debt collection. *See Dubose v. Suntrust Mortg., Inc.,* 2012 WL 1376983, at *2 (N.D. Cal. Apr. 19, 2012) ("[A] foreclosure sale resulting from an obligor's default on a deed of trust cannot be classified as 'debt collection.'").[3] These courts most often rely on *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.

---

[3] *See also, e.g., Zhang v. Countrywide Home Loans, Inc.,* 2012 WL 1245682, at *11 (N.D. Cal. Apr. 13, 2012) (noting that district courts throughout the Ninth Circuit have determined a foreclosure is not "debt collection" under the FDCPA); *Cromwell v. Deutsche Bank Nat. Trust Co.,* 2012 WL 244928, at *2 (N.D. Cal. Jan.25, 2012) ("[T]he FDCPA does not apply to the actions taken by lenders or their agents when foreclosing on the lender's security interest under a deed of trust, in a non judicial foreclosure of property."); *Garcia v. Am. Home Mortg. Serv., Inc.,* 2011 WL 6141047, at *4 (N.D. Cal. Dec.9, 2011) ("Non-judicial foreclosure does not constitute 'debt collection' as defined by the [FDCPA]"); *Garfinkle v. JPMorgan Chase Bank,* 2011 WL 3157157, at *3 (N.D.Cal. July 26, 2011) ("[While] the Ninth Circuit Court of Appeals . . . has yet to decide whether the act of foreclosing pursuant to a deed of trust is a form of debt collection . . . District courts in the Ninth Circuit have generally concluded that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the Rosenthal Fair Debt Collection Practices Act or the FDCPA."); *Geist v. One West Bank,* 2010 WL 4117504, at *3 (N.D. Cal. Oct.19, 2010) ("Although the Ninth Circuit has not yet addressed whether a foreclosure action constitutes 'debt collection' under the FDCPA, district courts throughout the Ninth Circuit have concluded that it does not."); *Aniel v. T.D. Serv. Co.,* 2010 WL 3154087, at *1 (N.D. Cal. Aug.9, 2010) ("[C]ourts throughout this circuit have concluded that foreclosure does not constitute "debt collection" under the FDCPA."); *Landayan v. Wash. Mut. Bank,* 2009 WL 3047238, at *3 (N.D. Cal. Sept.18, 2009) ("[F]oreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA."); *Twombly v. Truckee Meadows Funding, Inc. .,* 2012 WL 14023 at *2 (D. Nev. Jan. 4, 2012) (non-judicial foreclosure cannot be considered an attempt to collect a debt under FDCPA); *Diessner v. Mortg. Elec. Registration Sys.,* 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) (finding that activity of foreclosing on property pursuant to deed of trust is not collection of a debt within the meaning of the

Supp. 2d 1188 (D. Or. 2002), a foreclosure case.  The court explained:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

*Id.* at 1204.  At least one other district court has extended the reasoning to foreclosure on a homeowners' association lien to recover assessment fees, finding that the foreclosure proceeding was not a debt collection activity covered by the FDCPA.  *Gray v. Four Oak Court Ass'n*, 580 F. Supp. 2d 883 (D. Minn. 2008).

The Court agrees with other district courts in this Circuit and concludes that "a person regularly or principally engaged in the enforcement of secured interests is not a 'debt collector' under the Act." *Natividad*, 2013 WL 2299601, at *6. As in *Natividad*, the Court's holding here does not mean that all conduct taken in connection with enforcement of secured interests, including non-judicial foreclosure, is exempt from the Act.  For example, persons who regularly or principally engage in communications with debtors concerning their default that exceed the statutorily mandated communications required for foreclosure may be considered debt collectors. *See Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.,* 2010 WL 3769459, at *4 (N.D. Cal. Sept. 22, 2010) (denying motion to dismiss FDCPA claim where defendants' behavior "[went] beyond mere foreclosure proceedings, as plaintiffs alleged that defendants repeatedly obfuscated the truth with regard to the loan amounts and payments"); *Wilson,* 443 F.3d at 376-77 (finding FDCPA applicable where law firm-defendant sent multiple correspondences to plaintiff that included the warning that the correspondence was an "attempt to collect a debt"); *Piper,* 396 F.3d at 230 (rejecting defendant's argument

---

FDCPA), *aff'd,* 384 Fed. Appx. 609 (9th Cir. Jun.17, 2010)); *Ines v. Countrywide Home Loans,* 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008) (same); *Izenberg v. ETS Servs., LLC,* 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008) (same); *Castro v. Executive Tr. Servs., LLC*, No. CV-08-2156-PHX-LOA, 2009 WL 438683, at *6 (D. Ariz. Feb. 23, 2009) ("Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.").

that it was not subject to the FDCPA because it was simply enforcing lien where defendant wrote six letters demanding payment of the balance due and "made a number of telephone calls to the Piper residence in an effort to secure payment of the delinquent water service fees").

The Court finds that the non-judicial foreclosure proceeding at issue is not an attempt to collect a "debt" for FDCPA purposes. Plaintiffs allege that Defendant sent Plaintiffs a NOD. (Compl. ¶ 4; *id.*, Ex. A, ECF No. 1.) However, a notice of default is a statutorily required communication to a mortgagor to enforce a security interest. *See* Cal. Civ. Code §§ 2924 et seq. Because the notice of default is simply a communication mandated by law to enforce the security interest, that action does not go beyond enforcing security interests.

Moreover, even if the allegations of the complaint were sufficient to establish that Defendant is a "debt collector" for purposes of the FDCPA and that the non-judicial foreclosure is an attempt to collect a "debt," Plaintiffs have alleged no specific facts beyond Defendant allegedly failing to verify the debt as required by § 1692g. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations omitted). Plaintiffs have provided only "formulaic recitations" of the elements of a claim under FDCPA §§ 1692d, j, f, and e, which fails to satisfy their obligation under Fed. R. Civ. P. 8(a)(2).

Because the Court concludes that a trustee of a homeowners' association lien is not a "debt collector" within the meaning of the FDCPA, legally-mandated actions required for non-judicial mortgage foreclosure are not necessarily debt collection, and Plaintiffs have not adequately alleged that Defendant exceeded statutorily mandated actions for non-judicial foreclosure, the Court concludes that Plaintiffs have not sufficiently pled a FDCPA claim and Defendant's Motion is accordingly **GRANTED** without prejudice.

//

//

1

**CONCLUSION**

2          For the foregoing reasons, the Court hereby **GRANTS** without prejudice

3   Defendant's motion to dismiss (ECF No. 5).  An amended complaint, if any, shall be filed

4   no later than 21 days from the date of this Order.  The hearing scheduled for **January 15,**

5   **2016** is hereby **VACATED**.

6          **IT IS SO ORDERED**.

7    Dated:  January 11, 2016

8                                                          Hon. Gonzalo P. Curiel

9                                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15-cv-2082-GPC-NLS